[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case, claiming damages as a result of an alleged breach of a lease agreement, was brought to this court on December 10, 1991. The plaintiff contends that the individual defendant is responsible for the damages while the defendant contends that he is not.
The court finds the following facts. The plaintiff and Personal Reminders, as tenant, entered into a lease in September, 1990. The term of the lease was for five and one-half years beginning November 1, 1990. On September 24, 1991 the tenant vacated the premises.
There is no individual tenant named in the lease or on the signature page. Personal Reminders is the named tenant. Under the name "Personal Reminders" on the signature page, there appears the typewritten word "By" followed by the signature of Mark W. Salkovitz. The legend beneath the signature reads, "Mark W. Salkovitz, President." It is clear from the defendant's signature that he was not signing in his individual capacity but in a representative capacity.
Further, the rent was paid by check drawn on the account of Personal Reminders. The words "corporation", "company", "incorporation", "limited", or their abbreviated forms do not appear on the checks.
One of the plaintiff's partners testified that the plaintiff has had twenty years of experience in leasing rental properties. It was the practice of the partnership to obtain guarantees of an individual where there was a corporate tenant. No personal guarantees were secured in this matter because the plaintiff had no knowledge the tenant was a corporation. Yet it apparently did not seek any information regarding the tenant's form of business. Had it done so it would have learned that the tenant was incorporated as of January 1, 1990. Even were Personal Reminders not a corporation but a proprietorship, as the plaintiff claims, the plaintiff failed to list the individual defendant as a named tenant or as an individual "doing CT Page 5778 business as Personal Reminders". The lease was prepared by the plaintiff. Language supplied by a party must be construed most strongly against it Sturman v. Socha, 191 Conn. 1
The plaintiff has failed to meet its burden of proof that the named defendant is responsible for damages. Accordingly, judgment shall enter for the defendant.
Leheny, J.